# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CONNIE STEELMAN,

          Plaintiff,

v.                                     Case No:  6:11-cv-1447-Orl-28GJK

LANDO RESORTS CORPORATION,

          Defendant.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 50)** |
| **FILED:** | **July 3, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.   BACKGROUND.

On August 30, 2011, Plaintiff filed a complaint (the "Complaint") alleging that Defendant violated provisions of the Americans with Disabilities Act ("ADA") and Florida Accessibility Code.  Doc. No. 1.  On May 17, 2013, Defendant filed a motion to dismiss the Complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure, requesting, in relevant part, that the Court dismiss the Complaint with prejudice due to a "lack of prosecution and continued disregard for the [Federal] Rules [of Civil Procedure.]"  Doc. No. 46 at 1.

On June 12, 2013, the Court entered an order dismissing the case.  Doc. No. 49.  In doing so, the Court stated, in relevant part, as follows:

> Plaintiff having failed to show cause why this case should not be dismissed for failure to prosecute in response to this Court's orders, and as represented in Defendant's Motion to Dismiss, Defendant's Motion is GRANTED.

Doc. No. 49 at 2.  The Court granted Defendant leave to file a motion for attorney fees and costs. Doc. No. 49 at 2.

On July 3, 2013, Defendant filed a Motion for Attorneys' Fees and Costs (the "Motion"). Doc. No. 50.  In it, Defendant requests an award of $27,701.60 in attorney fees and $8,715.68 in costs.  Doc. No. 50 at 10.  Plaintiff has not filed a response to the Motion.

## II.    LAW.

In an ADA action, 42 U.S.C. § 12205 governs the award of attorney fees and states:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.  Thus, this statute permits the Court, in its discretion, to award reasonable attorney fees, litigation expenses and costs to the prevailing party.  To be a prevailing party, there must be an "alteration in the legal relationship of the parties."  *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).  This alteration in the legal relationship can take the form of a judgment on the merits or a court ordered consent decree.  *Id.* at 604.

Notably, § 12205 does not distinguish between a plaintiff and defendant when awarding prevailing party attorney fees, litigation expenses and costs.  In *Christiansburg Garment Co. v.*

*Equal Emp't Opportunity Comm'n*, 434 U.S. 412 (1978), the Supreme Court reiterated that, under Title VII, a prevailing plaintiff should ordinarily be awarded attorney fees in all but special circumstances. *Id*. at 417. However, the Court noted that the equitable considerations supporting this standard for prevailing plaintiff attorney fees are absent for prevailing defendants. *Id*. at 418. With respect to prevailing defendant attorney fees, the Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. at 421.

Although *Christiansburg* was decided in the context of Title VII, the Eleventh Circuit has applied *Christiansburg*'s holding to ADA actions. *Bruce v. City of Gainesville*, 177 F.3d 949, 951-2 (11th Cir. 1999). Accordingly, a prevailing defendant in an ADA action is not entitled to an award of attorney fees, unless plaintiff's case was frivolous, unreasonable, or groundless. *Id*.

The Eleventh Circuit has identified the following general guidelines for district courts in determining whether a plaintiff has brought a frivolous claim: 1) whether plaintiff established a prima facie case; 2) whether defendant offered to settle; and 3) whether the trial court dismissed the case prior to trial or a full trial was held on the merits. *Id*. at 952 (citing *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). These guidelines, however, are not hard and fast rules because determining whether a plaintiff's case was frivolous is done on a case-by-case basis. *Id*. As stated in *Jerelds v. City of Orlando*, 194 F.Supp.2d 1305, 1311 (M.D. Fla. 2002), the court "must focus on the question of whether the case is seriously lacking in arguable merit." *Id*.

III.     __ANALYSIS.__

    **A.  Prevailing Party.**

    Defendant argues that it is a prevailing party as a result of the Court's entry of involuntary dismissal.  Doc. No. 50 at 3.  Pursuant to Rule 41(b), Federal Rules of Civil Procedure, an involuntary dismissal "operates as an adjudication on the merits" unless a dismissal order states otherwise.  Fed. R. Civ. P. 41(b).  Here, the order dismissing the action operated as an adjudication on the merits, because it did not state otherwise.  *See* Doc. No. 49 at 2.  Since the dismissal operated as an adjudication on the merits, Defendant is a prevailing party.  *Morris v. Kesselring*, 514 F. App'x 233, 236-7 (3d Cir. 2013); *see Victory Int'l, LLC v. Perry Ellis Int'l, Inc.*, Case No. 08-20395-CIV, 2009 WL 1956236 at *5 (S.D. Fla. July 7, 2009).

    **B.  Attorney Fees.**

    Defendant argues that it is entitled to attorney fees pursuant to § 12205 and *Christiansburg* because Plaintiff's case was frivolous.  Doc. No. 50 at 3.[1]  In so arguing, Defendant relies on *Sullivan*, wherein the Eleventh Circuit explained:

> Cases where findings of "frivolity" have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed. R. Civ. P. 41(b) motion for involuntary dismissal. In these cases, the plaintiffs did not introduce any evidence to support their claims.  In cases where the plaintiffs introduced evidence sufficient to support their claims, findings of frivolity typically do not stand.

*Sullivan*, 773 F.2d at 1189 (citations omitted).  Given this explanation, Defendant summarily argues that since the Court dismissed the case pursuant to Rule 41(b), Federal Rules of Civil Procedure, the case was frivolous, and it is therefore entitled to attorney fees.  Doc. No. 50 at 3.

    Defendant has failed to demonstrate that the case at bar was frivolous.  Defendant's argument concerning the case's frivolity is largely, if not entirely, premised on its interpretation

---

[1] Defendant does not argue that the case was unreasonable or groundless.  *See* Doc. No. 50 at 3.

of *Sullivan*.  According to Defendant, *Sullivan* stands for the proposition that a case dismissed pursuant to Rule 41(b), Federal Rules of Civil Procedure, is frivolous.  *See* Doc. No. 50 at 3. The *Sullivan* court, however, never held that a case dismissed pursuant to Rule 41(b), Federal Rules of Civil Procedure, is frivolous.  *See Sullivan*, 773 F.2d at 1189.  Instead, the *Sullivan* court merely observed that cases dismissed pursuant to Rule 41(b), Federal Rules of Civil Procedure, are "typically," not always, found to be frivolous.  *Id*.  Accordingly, Defendant's reliance on *Sullivan* to demonstrate that the case at bar was frivolous is unavailing.[2]

The undersigned finds *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980) instructive in determining whether the instant case is frivolous.[3]  In *Anthony*, the district court dismissed the action with prejudice, pursuant to Rule 37(d) and Rule 41(b), Federal Rules of Civil Procedure, for failure to appear for a deposition and failure to prosecute the case, respectively.  *Id*. at 1166-7.  In addition, the district court found that plaintiff's failure to prosecute was frivolous and vexatious, and, consequently, awarded defendant attorney fees.  *Id*. at 1167.  On appeal, the former Fifth Circuit vacated the district court's award of attorney fees. *Id*. at 1170.  In doing so, the former Fifth Circuit determined that plaintiff's failure to prosecute a case does not render the same frivolous, stating:

> We do not believe that the mere failure to prosecute, without more, establishes as a matter of law that a claim is either frivolous or vexatious. There is absolutely no evidence in the record concerning the merits of [plaintiff's] claim. It may or may not be frivolous.

---

[2] As discussed above, the *Sullivan* court outlined several nonexclusive factors to aid in determining whether a case is frivolous.  *Sullivan*, 773 F.2d at 1189.  Defendant's argument in favor of attorney fees discusses none the factors outlined in *Sullivan*, nor any other factors that may be relevant in determining whether a case is frivolous.  *See* Doc. No. 50 at 3.  Absent such argument, Defendant has not met its burden in demonstrating that it is entitled to attorney fees.  *See Lucas v. O'Loughlin*, 831 F.2d 232, 235 (11th Cir. 1987) (noting that a prevailing defendant bears the burden of demonstrating that he or she is entitled to a judgment of attorney fees against a plaintiff).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> While [plaintiff's] unreasonable delay and inaction is certainly a
> factor to be considered, it does not, by itself, constitute
> vexatiousness or harassment.

*Id.* at 1170.  Here, as in *Anthony*, dismissal of Plaintiff's case for failure to prosecute does not

establish, as a matter of law, that the case was frivolous.  Though an involuntary dismissal

pursuant to Rule 41(b), Federal Rules of Civil Procedure, acts "as an adjudication on the merits,"

the Court never had occasion to assess the merits of the case.  Thus, there is presently no legal

basis for a finding that the case was frivolous, and, consequently, no basis for an award of

attorney fees pursuant to § 12205.  *Anthony*, 617 F.2d at 1170; *see Woodruff v. McLane*, Case

No. Civ.A. 7:04-CV-96HL, 2006 WL 149056 at *3 (M.D. Ga. Jan. 19, 2006) (finding that

dismissal of plaintiff's case for failure to comply with the court's directives does not establish, as

a matter of law, that plaintiff's case was frivolous).  Accordingly, it is **RECOMMENDED** that

the Court **DENY** Defendant's request for attorney fees pursuant to § 12205.

### C.  Litigation Expenses and Costs.

Defendant argues that it is entitled to costs pursuant to § 12205 and Rule 54(d), Federal

Rules of Civil Procedure.  Doc. No. 50 at 4.  Specifically, Defendant only seeks reimbursement

for its expert witness fee.  Doc. No. 50 at 10.  While expert witness fees have been found to be

recoverable under § 12205 as litigation expenses, *Harty v. Bapuji, Inc.*, Case No. 8:10-cv-2720-

T-27TBM, 2012 WL 2044970 at *4 (M.D. Fla. May 17, 2012) (citing *Lovell v. Chandler*, 303

F.3d 1039, 1058 (9th Cir. 2002)),[4] such fees are not compensable under 28 U.S.C. § 1920.  *E.g.*,

*Access For The Disabled, Inc., v. First Resort, Inc.*, Case No. 8:11-cv-2342-T-30EAJ, 2012 WL

5033418 at *2 (M.D. Fla. Oct. 17, 2012) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399

---

[4] "Section 35.175 states that courts are authorized to award attorneys fees, including litigation expenses and costs, as
provided in section 505 of the Act. Litigation expenses include items such as expert witness fees, travel expenses,
etc. The Judiciary Committee Report specifies that such items are included under the rubric of 'attorneys fees' and
not 'costs' so that such expenses will be assessed against a plaintiff only under the standard set forth in *Christiansburg
Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978). (Judiciary report at 73.)."  28 C.F.R.
Pt. 35, App. B, Section-by-Section Analysis, § 35.175.

(11th Cir. 1996)).[5]  Consequently, Defendant may only collect the requested expert witness fee under § 12205.  Since Defendant has not demonstrated that the case was frivolous, unreasonable, or groundless, the undersigned finds that Defendant is not entitled to expert witness fees under § 12205.  *See, e.g.*, *Kotek v. Almost Family, Inc.*, Case No. 2:03CV691FTM29DNF, 2005 WL 1126558 at *1-2 (M.D. Fla. May 12, 2005) (not awarding attorney fees, litigation expenses, or costs to prevailing defendant under § 12205 because plaintiff's case was not frivolous, unreasonable, or groundless).   Accordingly, it is **RECOMMENDED** that the Court **DENY** Defendant's request for expert witness fees under § 12205 and Rule 54(d), Federal Rules of Civil Procedure.

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 50) be **DENIED**; and

2.  The Clerk be direct to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 4, 2013.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court may tax as a cost "[c]ompensation of court appointed experts," 28 U.S.C. § 1920(6), and shall also award fees to witnesses, included expert witnesses, "in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States."  28 U.S.C. § 1821(a)(1), (b).  Plaintiff presents no evidence that its expert witness was either appointed by the Court or appeared before the Court or during a deposition in this matter.  Accordingly, neither § 1920 or § 1821 apply in this matter.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy